I apologize, I didn't know that I'm not supposed to use the computer, but I have my arguments on the computer, just the excerpts I have put it on. I didn't know my first time. Oh, this is your first time, are you? Yes. Okay. I apologize. You can use your computer and make your argument. Thank you. Sorry. Good morning. I guess you got used to Zoom, where everybody just read their arguments off their computers.  I apologize. Good morning, Your Honors. There is a mistake in our request in both the opening brief and in the reply brief, asking for the Barton motion, which was granted by Judge non-bankruptcy claims, because for non-bankruptcy claims, we don't need Barton permission. We meant pre-petition, pre-bankruptcy petition claims, which is from October 5th to October 11th, 2017, because the petition for Chapter 11 was filed on October 11th, and from the 5th to 11th, there were some non-bankruptcy conduct and also bankruptcy conduct. Why aren't you bound by the Court of Appeals' decision on that, that the pre-petition claims are covered? Correct. Yes. The Court of Appeals decided, and we are not disputing that, that in the first amended complaint, which was de morto, plaintiff had only claimed bankruptcy conduct, and the Court of Appeals said they all need Barton permission, and that's the reason. Based on that, and the ruling of the Court of Appeals or the decision on the second page of their opinion, which stated expressly, because Akhlaqpour has demonstrated a reasonable possibility that she can amend her complaint to state a cause of action, and because the trial court's dismissal with prejudice would preclude her even from later seeking leave from the bankruptcy court to refile, we reversed the judgment and affirmed in part and reversed in part the trial court's rulings with directions to grant Akhlaqpour leave to file a second amendment. So what about at 306, where it says that it appears reasonably possible that Akhlaqpour could amend to state facts supporting occurrence after AXA remissions, but indeed, as a result of our other rulings, she may proceed only with claims arising from conduct after February 6, 2018, in any event. That's the reason we are here, because it is a 32-page-long opinion. On the second page of the opinion, it says we reverse the dismissal from with prejudice to without prejudice because it seems Akhlaqpour can amend and go and get a Barton permission, because if Court of Appeals was limiting its decision only for after February 6, 2018, the court already decided there is no need for Barton permission. The court expressly said after February 6, 2018, once the trustee was appointed and Akhlaqpour was not deterred in possession of her estate, Barton doesn't apply, because the trustee was appointed by the court. But that seems to ask us to inquire into, one might say, review the Court of Appeals' decision, which, as you must concede, we can't do under Rooker-Feldman. Correct, and BAP said that because of Rooker-Feldman, the federal court or your court does not have jurisdiction to change it, and we agree with that. But the Court of Appeals' decision expressly said we are changing the dismissal with prejudice to without prejudice for those pre-petition period in order for plaintiff to get a Barton permission. And do you understand the Bankruptcy Court's original Barton order to clear the way towards bringing those pre-petition claims to? Yes, it was in our motion, for Barton motion that we filed after the Court of Appeals' ruling, we asked Bankruptcy Court Judge Kaufman to allow us both for pre-petition and after February 6, 2018, and Judge Kaufman said no, there is no need for after February 6, because Court of Appeals says no need for Barton motion, but there is a need for Barton motion for October 5th to October 11th, pre-petition, pre-Chapter 11 petition conduct of defendants Orantes and Solorzano. That was the ruling of Judge Kaufman in Bankruptcy Court, and that's the ruling of Bankruptcy Court which defendants appealed to BAP, which reversed and said no, we cannot do it. But why wouldn't the order be clearer there? I mean, the order simply says that you may proceed, continue to prosecute your claims. Why isn't the best reading of that continue to prosecute your claims in light of the Court of Appeals' limitation of those claims? Or is your argument really that the Court of Appeals left the door open to the State Trial Court to allow you to pursue pre-petition claims notwithstanding its disposition? We only are relying on Court of Appeals' decision. We are not bringing any declaration, any facts outside the four corners of the Court of Appeals' decision, which on second page, even BAP considered. Let me read off of the BAP that, we concede that the language chosen by the Court of Appeals might have been ambiguous up to a point. It might have meant, and then it goes through different scenarios. So even BAP is interpreting what Court of Appeals meant. But the express language of Court of Appeals on the second page of the opinion— Could you give us the reporter's site? For the— The Court of Appeals. No, I'm sorry, you're saying the second page of the Court of Appeals' opinion. Yes, definitely, I will give it to you, Your Honor. We just want to make sure that we're on the same page. Yes, I am so sorry, I had it on my computer. Which paragraph is it? Can you remind us what the paragraph begins with? It is on page 239 of the citation. I just don't have the citation in front of me. 86 Cal App, 5th, page 239. And the ER for that, that's the one that— We don't need the ER. The case site is correct. Why don't you read the sentence you're referring to? Yes, it says, Because Akhlaqpour has demonstrated a reasonable possibility that she can amend her complaint to state a cause of action and because the trial court's dismissal with prejudice would preclude her even from later seeking leave from the bankruptcy court to refile, would reverse the judgment and affirm in part and reverse in part the trial court's ruling with directions to grant Akhlaqpour's leave to file a second amended complaint. It is on the— So, from that language, what did you do? You took this to mean that you could— that some of your claims didn't require the Barton permission? Correct. Okay, but you nonetheless went back to the bankruptcy court to get permission for claims that you thought covered the period while the lawyer was representing your client until the point where the trustee was appointed by the bankruptcy court? No, the court of appeal already— the state court of appeal already ruled that from the time that defendants, attorneys for debtor, had filed for an application for fees and because Akhlaqpour did not dispute those fees, which was from October 11, 2017 up to February 6, 2018, res judicata applies. Okay. Because of res judicata, even if it had gotten Barton's permission, they're off the table. So, what claims are you arguing are on the table? Right now, what is on the table for this court to make a decision is the conduct between October 5th to October 11, 2017, which here in this paragraph that I just read, it says it requires a Barton permission. So, you went to the bankruptcy court to get permission for those? Just those five—five, six days. Okay, and then the bankruptcy court let you bring those— and then we have the decision you're appealing from, which reversed the bankruptcy court and said Rooker-Feldman bars the bankruptcy court from exercising that. So, that's what you're challenging today. Correct. The application. So, why is Rooker-Feldman not applicable? First of all, Rooker-Feldman, the first requirement is that the losing party cannot ask a federal court to reverse what the state court has ruled. First of all, Ahlalpour was not losing, actually. She prevailed in having the case reinstated in the state court because it was dismissed. So, it was reversed in a good part of it that the case got reinstated, and the court of appeal allowed her to— Is that part that was allowed to be pursued in state court, is that still going forward in state court? Yes. That's going forward. So, now you have a trial on that part. Correct. Okay. So, you just wanted to amend that part, that case, to add the claims that were subject to the bankruptcy court's jurisdiction. For those five days, correct, pre-petition filing, which we already got a part in permission from bankruptcy court, which was reversed by BAP. Okay. So, what we're looking at is does Rooker-Feldman apply or not? Well, I think Rooker-Feldman applies. What we are requesting is not for the— You're saying it's not covered by it. Exactly. I think BAP has made a mistake in just reading the disposition part of the court of appeal, which was on last page of the court of appeal opinion, and totally disregarded the part that I read so far twice, which is on page 230. But just before the part that you read, the court of appeal says, however, the Barton Doctrine did not require Aglipore to obtain leave to file claims arising out of bankruptcy counsel's representation after the appointment of the trustee. Because Aglipore has demonstrated a reasonable probability that she can amend her complaint to state a cause of action, and it seems like that's susceptible to a reading that that cause of action would be only that pertaining to the post-official period. Well, then why does it say? Because the post-appointment of the trustee, the court of appeal stated there is no need for Barton's motion. So why this paragraph says, if we don't dismiss it without prejudice, this plaintiff cannot go back and get permission from bankruptcy court. Well, I guess I'm trying to understand here in terms of where the trial court left it. The state trial court left it was to dismiss all the claims with prejudice. The one that happened in 2020? Yes, the entire complaint was dismissed with prejudice. And so, as you just noted, the result of the court of appeals decision was to give your client another opportunity to amend, but amend to show which claims. And at the beginning and at the end, it says that it's discussing the post-official claims, the later claims, not your October claims. I agree, which we did. But because of this paragraph that I read already, it said that we are allowing this without prejudice in order for plaintiff to be able to get a Barton permission from bankruptcy court. So in that context, that's why you said what the bankruptcy court then did is allow claims that the court of appeals had disallowed. I don't think the court of appeals disallowed. There is an inconsistency between the part that I just read from court of appeal opinion and the disposition. Disposition says plaintiff can go ahead and amend and add claims after February 6, 2018. That's the disposition last page. However, on the page that I just read it, it says, because Ahlalpur has demonstrated a reasonable possibility that she can amend her complaint to state a cause of action and because the trials for dismissal with prejudice would preclude her even from later seeking leave from the bankruptcy court to refile. And we underline and we emphasize the seeking leave from the bankruptcy court. Why would court of appeals state that if court of appeals didn't allow plaintiff to go and get a Barton permission from bankruptcy court? Well, aren't there some cases that suggest that the post-official period also could potentially affect the administration of the estate under Barton? The court of appeal didn't say that. There are cases that have been discussed by the appellee and defendants, but the court of appeal said no need for Barton motion for after February 6, 2018 once the defendants were not the attorneys that were out of position. So we are only going with the court of appeal decision. We are not going anywhere beyond what the court of appeal has. And I would like to read also, I think it's a— They're saying you're not challenging the court of appeal decision in any way. We cannot. You're following it. Yes. Okay. Well, you're just about out of your time. So why don't we hear from the other side. Thank you. Good morning, Your Honor. May it please the court. My name is Corrine Burgey, and I represent the appellees. It appears that counsel has completely misread the court of appeal's opinion, and I agree with the court's questioning on the Rooker-Feldman doctrine. The bankruptcy court's order clearly usurped the court of appeal's opinion. The court of appeal stated that under Barton, they had to request leave to amend before filing the lawsuit for the pre-petition and debtor-in-possession claims, and those claims are now dismissed. The court was very clear on that. The court of appeal stated the Barton doctrine required Aglepore to obtain leave of the bankruptcy court in order to sue Orantes in a forum other than the bankruptcy court. Having failed to do so, she cannot proceed with these malpractice claims in state court. It can't be any more clear. The court goes on to explain what claims she can amend, and discusses that there's limited amendment to attempt to state claims after the trustee was appointed, which is after February 6, 2018. Okay. Do you contest, Ms. Burgey, that regardless of what the bankruptcy court was asked to do or maybe what it was doing with its short order, that Ms. Aglepore can proceed on those post-official conduct claims then in the trial court with amendment? That's what the California court of appeal found, that yes, you can proceed with those if they're able to allege standing to pursue those claims. And you don't contest that for these purposes? Not for these purposes today. The post-official claims, whether they were ever covered by Barton at all, which is your friend's argument, or even if they were covered by Barton, that the bankruptcy court's Barton order to continue, read narrowly, at least allows them to proceed on that. Those are still in play, and there's no controversy over that, the post-official claims? Correct, Your Honor. This case is about the pre-petition and debtor in possession claims. So are you saying that you can never cure your failure? So Barton is just about subject matter jurisdiction. Why shouldn't someone be able to cure, like if they didn't go to the Barton court and the state court said, go to the bankruptcy court and get Barton permission, and then the state court says, I can't exercise jurisdiction over these claims because you didn't get permission, you didn't bring them in the bankruptcy court or you didn't get permission from the bankruptcy court to bring them in front of me, so therefore I have no jurisdiction dismissed. And the odd thing here is that it went up to the court of appeals because I would have thought immediately Agrippor would have gone directly to the bankruptcy court, gotten the permission, and come. But I don't see any reason, and I haven't seen any argument, why someone shouldn't be able to cure their failure to get permission by doing exactly what Agrippor did here, which is, especially given the language of the court of appeal decision that says she needs to get Barton permission, and the court of appeals reversing the superior court as to the remainder of the claims. I don't see any reason in law or in our precedent that supports a conclusion that you can't, having misfiled in the wrong jurisdictional venue your claim subject to Barton, you shouldn't be able to later say, okay, stay those claims or dismiss those claims because you don't have jurisdiction, and I'll go back to the bankruptcy court and I'll get approval. I don't see how that's an attack on what the court of appeals ruled, or even a challenge to what the court of appeals ruled, that the other claims could go forward. I don't see any precedent that says you can't cure your failure to have initially gone to the bankruptcy court to get permission. Well, that was addressed in a bankruptcy court in Ray Sedgwick that we cite in our brief, that you cannot go back and seek retroactive permission to pursue a lawsuit that lacked subject matter jurisdiction because they failed to follow the Barton rule. The Barton rule itself says a party must first obtain leave of the bankruptcy court before it initiates an action in another form. That's a Ninth Circuit opinion. That's the in Ray Crown vantage. There's no binding authority for this court to allow retroactive permission. That would go against the entire purpose of the Barton rule, which is the doctrine protects the bankruptcy court's overriding interest in the administration of the state. But what difference does it make if, particularly here where the claims were dismissed, that's even worse than a stay for the debtor, the former debtor. They didn't go anywhere. There was no exercise of jurisdiction whether or not it was contested, and now the parties are put in exactly the place they would have been had the court pre-cleared it in a Barton. Ms. Aglepour can amend, and they move forward. I appreciate the question, Your Honor, but I disagree that they're put in the same position that they were. One of the purposes of the Barton motion is to serve several purposes. The first one I said to oversee the administration of the estate, and the second is to shield court-appointing attorneys from unnecessary litigation without bankruptcy oversight. Here we've had to go through years of litigation in the court of appeal, unnecessary costs going up on this issue. When the court never had subject matter jurisdiction, it was void from the get-go because they failed to obtain this permission ahead of time. But how would that have stopped? We're in this odd position where, and it's part of our federalism, that the state courts are allowed to proceed going forward. But the fact that it went up to the court of appeal, that would have happened regardless. That would have happened if the bankruptcy court denied the Barton motion, right? Well, I guess they could have appealed the denial of the Barton motion, but if they had granted the Barton motion and allowed it to proceed in the state court, there would never have been that appeal. Right, but this isn't a kind of, at least I don't view the cases as providing a sort of, I mean it has the effect retrospectively of an official act's immunity, but this idea that it prevents them immunity from litigation, I'm just not even sure how that's supposed to work, given that the state court was allowed to have the first word on the matter. That litigation happened, and the opportunity to stop that litigation was the proceeding in front of the bankruptcy court. I mean, I guess, why was your client, could your client have done more to head off this state litigation, if that was really your view of the purpose of Barton? I'm not clear on the court's question. Well, I mean, you've said you've given two reasons. The first reason, or the second reason, in terms of the practical administration of the estate, and I'm sure that is fully protected by a retroactive Barton order. The first reason you gave is that the official, in this case the attorney, should not be subject to the litigation to begin with. I don't see, how is anything we could do here, how would that fix the fact that the claims were filed and resolved, even under Barton, in the state courts? I'm not saying that my client wouldn't have been subject to the litigation to begin with. There was an application for attorney's fees in the bankruptcy court, and all of this could have been decided in the bankruptcy court under that application for fees, if there was some issue with my client's representation. You're pushing us to the merits now, I guess, just on the Barton piece. I don't see why it should make a difference. I mean, so let's say the court acknowledges and says, instead of continue, it says that they can restart litigation, or that all of the litigation prior is void, but Ms. Aglepour can refile and assume that the state courts are fine with that. What difference does that make going forward? Now you have a new case. It's fully authorized. Nothing has formally happened until after the Barton order. Why is it a material difference in that scenario, which I think follows your logic, that you can only do it before, versus what happened here? There's consequences for failing to follow the procedural rules. There's all sorts of rules that we have to follow, and one of the consequences that the debtor has tried to circumvent is the application of the statute of limitations. That's why they filed a very specific Barton motion to ask the court to allow them to continue prosecuting a case where the court never had subject matter jurisdiction. She is trying to avoid having to refile in another form, another state court action. Why is that the Barton Doctrine's concern at all? That has nothing to do with the policy behind federal bankruptcy jurisdiction. That's all a state issue. Indeed, and in Ray Harris, we held, our court held, that the Barton Doctrine is not a tool to punish the unwary by denying any forum to hear a claim when leave of the bankruptcy court is not sought. That's effectively what you're attempting to do here by using the Barton Doctrine as a sword. Now, there may be all sorts of strategic and tactical and other things going on in this case that we're not aware of, but right now we're trying to just consider what is the Barton Doctrine, which to me is a tool for determining which court has jurisdiction of what claim so that we don't accidentally get bankruptcy-related claims or claims that are necessary to resolve the estate as a whole decided in two fora at the same time. So once it's cleaned up and we determine the bankruptcy court isn't going to exercise jurisdiction over this claim and that the state court may, then it should be able to proceed. I mean, we're not supposed to punish people with this doctrine. I agree this is kind of a case of first impression. It really is, and I think obviously it might warrant publication to just clarify some of these things more because there's been loose language in many of the cases, but I just don't see it as a punitive tool or that it's purpose in the first place. I mean, the only court that could have given permission to proceed either by itself or elsewhere is the bankruptcy court. It had exclusive jurisdiction to make that determination. Now she's done it right, and so we're going to punish her for not doing it right the first time? I'm not saying that she's being punished and she doesn't have a forum. The Barton Doctrine says that you have to seek leave before filing a lawsuit in another forum, but you can still proceed in the bankruptcy court. But the bankruptcy, as I understand, those bankruptcy proceedings are over with, and the bankruptcy court itself said, okay, you can go have this claim heard in the state court. She has the option of attempting to reopen the bankruptcy court. There is a forum for her. But the bankruptcy, the whole point of Barton, right, was the bankruptcy court's declining to exercise the jurisdiction and said, no, I'm good. We'll let the state courts proceed with it. That's because there was an ongoing lawsuit, and I believe that there was a misreading of or a misargument to the bankruptcy court as to what the court of appeal opinion said. But the bankruptcy court could read it. Yes. And interpret it for itself to the extent there was any ambiguity in the court of appeal decision. The state court's not the only forum. There's the bankruptcy court. There's other forums. There's the district court. The court of appeal opinion has been very clear that these claims are dismissed in that action. So going back to the Rooker-Feldman doctrine, the bankruptcy court's order saying, yes, you can proceed, is directly contradictory. Proceed on what? Thank you, Your Honor. The pre-petition claims and the debtor-in-possession claims. I think we're only talking about the pre-petition claims. How clear are we? I think we have to kind of squint a little bit to try to figure out exactly what the bankruptcy court might have been saying. I think your friend says, well, in view of the motion, which was all about the pre-petition claims, it can only be read that way. Could it be read in a way to simply say, play it where it lies in the state court and subject to the state trial court, can also read the fact that they're quite used to reading the state court of appeals opinions, and move from there? And so it may be that all that proceeds in the state court, and that your friend alluded to a trial date, are these post-official claims. Can you comment on that? I mean, why isn't that a win for you, that it's just the post-petition claims, that's all that was authorized? Because the bankruptcy court order specifically says that they're allowed to proceed with the pre-petition claims in the pending lawsuit. So that is directly contradictory to what the court of appeal opinion says. All right. Thank you. Does anyone have any other questions? Thank you, counsel. Thank you, Your Honor. You had like six seconds left. Six seconds. But I'll give you a minute. I just would like to read footnote 8 of the court of appeal opinion. I think it is significant. ER 131. We express no opinion regarding the extent to which allegations of malpractice occurring after a trustee appointment could, similar to pre-petition conduct, cross the divide and implicate the Barton Doctrine. That issue may depend in part on the nature of the allegations Akhlaqpour chooses to make in any amended complaint. Again, it's discussing getting an amended complaint for pre-petition, those five days in October 2017, in that footnote. Okay. Thank you, counsel. Thank you. Akhlaqpour v. Arantes is submitted.
judges: WARDLAW, JOHNSTONE, UNKNOWN